UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTOS ESPINAL,

                    Civil Action No._____

          Plaintiff,         **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-                                  **COMPLAINT**

EMPIRE CITY CONSTRUCTION CO and
ANDREW GALDAU, Individually,

          Defendants
------------------------------------------------------------X

Plaintiff SANTOS ESPINAL, by and through his attorneys, STILLMAN LEGAL PC., brings this Action against Defendants EMPIRE CITY CONSTRUCTION CO and ANDREW GALDAU, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR") § 137-1.7 (2006), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendant EMPIRE CITY CONSTRUCTION CO (hereinafter referred to as "EMPIRE CITY CONSTRUCTION"), a New York Corporation with offices at 206 E 67th St #66 New York, NY 10065. Its principal/officer/agent, Defendant ANDREW GALDAU, where Plaintiff was employed as a carpenter.

2. At all times relevant hereto, Defendants were required, under relevant New

York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants only initially compensated Plaintiff at a rate of (I) $26 per hr. and failed to pay Plaintiff his lawful overtime pay for that period from July 2017 until November 2019, and then again, from March 2022 until November 4, 2022, where he worked well in excess of forty (40) hours per workweek.

4. Defendants' conduct extended beyond Plaintiff to all similarly situated employees. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL.

6. Accordingly, Plaintiff now brings this Action for federal and state claims relating to unpaid overtime wages, and failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages (overtime wages due), liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

12. Plaintiff SANTOS ESPINAL ("ESPINAL") is and was at all times relevant hereto an individual residing in New York.

13. Plaintiff ESPINAL was employed by EMPIRE CITY CONSTRUCTION CO at its place of business, 206 E 67th St #66, New York, NY 10065, from approximately July 2017 until November 2019, and then again, from March 2022 until November 4, 2022, where he was primarily employed as a carpenter.

14. At all times relevant hereto, Plaintiff ESPINAL was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

15. Defendant EMPIRE CITY CONSTRUCTION is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 206 E 67th St #66 New York, NY 10065.

16. Upon information and belief, Defendant EMPIRE CITY CONSTRUCTION is engaged in interstate commerce in that it relies heavily on products that have been

transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2021 through 2023, and were directly engaged in interstate commerce.

17. Upon information and belief, Defendant ANDREW GALDAU is the President, Chief Executive Officer, manager, principal, and/or agent of Defendant EMPIRE CITY CONSTRUCTION.

18. Upon information and belief, and at all times relevant to the claims herein, Defendant ANDREW GALDAU possessed operational control over Defendant EMPIRE CITY CONSTRUCTION because of his ownership interest and/or control of significant functions of Defendant Corporation; that Defendant ANDREW GALDAU: (i) was known and referred to as the "Boss" by Plaintiff and the other similarly situated employees of Defendant EMPIRE CITY CONSTRUCTION; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees' work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

19. Defendant ANDREW GALDAU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

20. Defendants owned and operated EMPIRE CITY CONSTRUCTION, a corporate entity located at 206 E 67th St #66 New York, NY 10065. At all relevant times, Defendants EMPIRE CITY CONSTRUCTION and ANDREW GALDAU possessed operational control over Defendant Corporation, possessed an ownership interest in

Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

21. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff ESPINAL by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week
   b. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and
   c. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff ESPINAL and the other class members.

23. Defendant EMPIRE CITY CONSTRUCTION, under the direct supervision and authority of Defendant ANDREW GALDAU, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

24. At relevant times, Defendants EMPIRE CITY CONSTRUCTION and ANDREW GALDAU possessed substantial control over Plaintiff ESPINAL and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25. Defendants EMPIRE CITY CONSTRUCTION and ANDREW GALDAU jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 USC 201 et seq. and the NYLL.

26. Defendants EMPIRE CITY CONSTRUCTION and ANDREW GALDAU constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

27. At all times relevant hereto, Defendants EMPIRE CITY CONSTRUCTION and ANDREW GALDAU were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiff's services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

28. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff SANTOS ESPINAL**

29. From approximately July 2017 until November 2019, and then again, from March 2022 until November 4, 2022, Plaintiff was employed by Defendants at their 206 E 67th St #66 New York, NY 10065 facility, where Plaintiff ESPINAL worked as a carpenter.

30. Plaintiff ESPINAL's work schedule for the two (2) times he worked for the Defendants was from Monday through Saturday, from 7:00 A.M. until 4:00 P.M., with work required on some Sundays. There was no punch clock to record his hours of work. He worked approximately 63 per week.

31. Plaintiff ESPINAL was paid at a rate of $26 per hr., but Defendants paid all his overtime hours at $13 per hour, all payments in check.

32. Plaintiff ESPINAL did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff ESPINAL did not come and go at his pleasure but rather was controlled by Defendants.

33. Plaintiff ESPINAL was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive," or even "administrative" and did not require discretion nor independent judgment. Plaintiff ESPINAL's work is properly characterized as menial physical labor.

34. Plaintiff ESPINAL regularly handled goods in interstate commerce and other items produced outside of the State of New York.

35. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants.

36. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff ESPINAL regarding wages as required under the FLSA and NYLL.

37. Defendants did not provide Plaintiff ESPINAL with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

38. Defendants never provided Plaintiff ESPINAL with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### Defendants' General Employment Practices

39. As part of their regular business practices, Defendants required Plaintiff ESPINAL to work in excess of forty (40) hours per week without paying Plaintiff the proper overtime wages as required by federal and state laws.

40. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the number of hours he had worked.

41. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff ESPINAL with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

42. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked and to avoid paying Plaintiff properly for (i) his total hours worked and (ii) overtime wages.

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff ESPINAL wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

45. Defendants failed to provide Plaintiff ESPINAL with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## FIRST CAUSE OF ACTION
### (Violation of FLSA Overtime Wage/ Recordkeeping Provisions)

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

48. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

49. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

50. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

51. Defendants failed to satisfy the FLSA's recordkeeping requirements.

52. Defendants acted willfully in their violations of the FLSA's requirements.

53. Plaintiff seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff the applicable overtime compensation at one and one-half times the regular pay rate for each hour worked in excess of forty hours in a workweek.

56. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to Defendants' willful violations of the NYLL, Plaintiff ESPINAL is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants have failed to provide Plaintiff, in English and in Spanish, with complete and accurate wage statements throughout his employment listing and detailing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, basis of pay and deductions etc., in violation of NYLL § 195(3).

60. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SANTOS ESPINAL, respectfully requests that this Court enter judgment against Defendants EMPIRE CITY CONSTRUCTION and ANDREW

GALDAU as follows:

    a. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    b. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    c. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

    d. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

    e. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

    f. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

    g. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

    h. All such other and further relief as the Court deems just and proper.

    i. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to

NYLL § 198 (1-d);

j. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

k. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

l. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 22, 2023

LINA STILLMAN, ESQ.

\_\_\_/s/ Lina Stillman_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com